IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| JOSIE QUINAEL BOBINO,<br><br>   Plaintiff,<br><br>v.<br><br>LARRY LNU,<br><br>   Defendant. | NO. 1:22-CV-00407-MJT-ZJH |

**REPORT AND RECOMMENDATION DISMISSING CASE**

This case is assigned to the Honorable Michael J. Truncale, United States District Judge, and is referred to the undersigned United States Magistrate Judge for pretrial management. On September 28, 2022, *pro se* Plaintiff Josie Bobino filed the instant *Complaint*, and moved to proceed *in forma pauperis*. Doc. Nos. 1-2. After reviewing Bobino's application to proceed *in forma pauperis* solely on the basis of financial status, the court finds that the Plaintiff meets the indigence requirements of 28 U.S.C. § 1915. Accordingly, pursuant to the court's own motion, the undersigned recommends that the court dismiss the case *sua sponte* because Bobino has failed to establish this court has subject-matter jurisdiction to entertain this case.

Because Bobino is proceeding *pro se*, his pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and, as such, must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002).

**I.  Factual Background**

The facts of the instant action arise out of Bobino's employment with Quality Inn Suites in Beaumont, Texas. Doc. No. 1. Bobino worked for Quality Inn Suites from April 2022 until

September 2022, under the supervision of "Mr. Larry" ("Larry").[1] *Id.* at 4. On September 18, 2022, Quality Inn Suites terminated Bobino's employment. Doc. No. 2 at 6. At that time, Bobino alleges that Larry refused to provide him with a requested copy of his application and W-4 Form.[2] Doc. No. 1 at 4. On September 27, 2022, Bobino allegedly failed to receive a copy of his paycheck via email. *Id.* Therefore, Bobino requested the concierge desk print a copy of his paycheck, and at this point, Bobino "realize[d] [his] Social Security number was incorrect on the check." *Id.* Bobino sent a text message to Larry, but Larry failed to respond. *Id.* Bobino therefore requests the court "contact Mr. Larry to correct [his] information on [his] check stubs to the correct Social Security number," and to "release a copy of [his] application and [W-4] Form to present to unemployment and [the] tax office" so that he will not owe taxes. *Id.* at 5.

On September 28, 2022, Bobino brought this action against Defendant Larry. Doc. No. 1. On that same day, Bobino filed a *Motion for Leave to Proceed In Forma Pauperis*. Doc. No. 2.

## II.   Discussion

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction" — here, the plaintiff. *Kokkonen*, 511 U.S. at 377 (internal citations omitted).

---

[1] Bobino has failed to state the defendant's full name and position. The undersigned will therefore assume, for the purposes of this jurisdictional assessment, that "Mr. Larry" refers to the defendant's first name, and that further, Larry has a supervisory or managerial role in Bobino's workplace.
[2] It is unknown what "application" Bobino requested.

There are two basic types of jurisdiction: diversity and federal question. Diversity jurisdiction requires that: (1) "the mattery in controversy exceed[] the sum or value of $75,000," and (2) that the case be between "citizens of different states." 28 U.S.C. § 1332(a)(1). By contrast, federal question jurisdiction requires that the case "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

If a federal court does not have subject matter jurisdiction, it must dismiss the case. A federal court is "duty-bound to examine its subject-matter jurisdiction sua sponte." *Burciaga v. Deutsche Bank Nat'l Trust Co.*, 871 F.3d 380, 384 n.4 (5th Cir. 2017); *Robinson v. Beaumont Bone & Joint Inst.*, No. 1:10-CV-643, 2010 WL 5644820, at * (E.D. Tex. Dec. 22, 2010) (Hines, J.) (emphasis in original) (internal citation omitted) ("Federal trial courts, moreover, *must* raise lack of subject-matter jurisdiction on their own motions whenever the issue becomes apparent."), *R. & R. adopted*, No. 1:10-CV-643, 2011 WL 251111 (E.D. Tex. Jan. 25, 2011).

Here, the court must *sua sponte* dismiss Bobino's *Complaint* (Doc. No. 1), as the court lacks subject-matter jurisdiction to entertain his case. First, the parties are not diverse. Bobino has stated he is a resident of Beaumont, and that his former employer Quality Inn Suites, as well as Larry, both reside in Beaumont as well.[3] Second, Bobino has failed to state a cause of action to satisfy the existence of federal question jurisdiction. 28 U.S.C. § 1331. In other words, Bobino has failed to state what federal *law(s)* he alleges Larry and/or Quality Inn Suites have broken or violated. Without stating a federal cause of action — whether it be in common law, the

---

[3] If Quality Inn Suites's principal place of business and/or state of incorporation are in different states such that diversity jurisdiction exists, Bobino has thereby failed to satisfy his burden in presenting this to the court. *Kokkonen*, 511 U.S. at 377 (burden lies on party establishing jurisdiction); *MidCap Media Finance, L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (internal citation omitted) ("'[A]llegations regarding the citizenship of a corporation must set out the principal place of business of the corporation as well as the state of incorporation.'"); *see also* 28 U.S.C. § 1332(c)(1) (citizenship of corporation). Similarly, the court is only apprised of Larry's alleged residence; if he is a diverse citizen, such that he is domiciled in a different state, Bobino has failed to satisfy his burden here as well.

Constitution, or by statute — the court does not have jurisdiction to hear this case. *See id.* (requiring civil actions "aris[e] under the Constitution, laws, or treaties of the United States.").

Even if the court liberally construes Bobino's pleadings to the fullest extent, the court still cannot determine what law would apply. Further, it is Bobino's burden to show that this court has jurisdiction to hear his case. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (footnote and citation omitted) ("[T]he burden of establishing federal jurisdiction rests on the party seeking the federal forum."); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.").

Accordingly, the court lacks subject matter jurisdiction over Bobino's case. Bobino may refile this case in a court with proper jurisdiction.

### III.   Recommendation

Plaintiff's *Motion to Proceed In Forma Pauperis* (Doc. No. 2) is granted. Plaintiff's *Complaint* (Doc. No. 1) should be dismissed for failing to establish the court possesses subject-matter jurisdiction to entertain the case.

### IV.   Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal

conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

SIGNED this 28th day of November, 2022.

                                                                                       _____
                                                                                       Zack Hawthorn
                                                                                       United States Magistrate Judge